T.C. Summary Opinion 2010-42

UNITED STATES TAX COURT

ROGER R. AND BRENDA J. HOLMES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9622-08S.            Filed April 12, 2010.

Roger R. Holmes, pro se.

<u>Archana Ravindranath</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions
of section 7463[1] of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies of $8,791 and $11,532 in petitioners' Federal income taxes for taxable years 2005 and 2006 (years at issue), respectively. The issues for decision are: (1) Whether petitioners are entitled to the deductions claimed on Schedule A, Itemized Deductions, and Schedules C, Profit or Loss From Business (Sole Proprietorship), for the years at issue; and (2) whether petitioners must include in gross income for the years at issue a $13,000 annual housing allowance paid to petitioner Roger R. Holmes (Mr. Holmes) as a pastor at Paul's Chapel Baptist Church (Paul's Chapel).

## Background

Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Ohio.

During the years at issue Mr. Holmes was an ordained Baptist pastor for Paul's Chapel, and his wife, petitioner Brenda J. Holmes, worked for Maytag Manufacturing, L.L.C. In addition to spending his time as a pastor for Paul's Chapel, Mr. Holmes reported that he operated a computer servicing business, PC Unlimited, from his home.

For the years at issue Mr. Holmes prepared petitioners' Federal income tax returns using TurboTax. Petitioners jointly filed 2005 and 2006 Federal income tax returns, which included a Schedule A and two Schedules C for each year. For each of the years at issue petitioners filed one Schedule C for Mr. Holmes' pastoral activities and one Schedule C for PC Unlimited. For 2005 petitioners reported total Form W-2, Wage and Tax Statement, and substitute Form W-2 income of $61,797. For 2006 petitioners reported total Form W-2 and substitute Form W-2 income of $67,199.

Schedules A

On the respective 2005 and 2006 Schedules A, petitioners claimed total itemized deductions of $26,581 and $16,198. The respective total itemized deductions included unreimbursed job-related expenses and certain miscellaneous deductions of $15,257 for 2005 and $10,129 for 2006.

Schedules C

Pastoral Activities

On the respective 2005 and 2006 Schedules C, petitioners reported gross receipts or sales of $13,535 and $13,530 from pastoral activities. Petitioners claimed an annual parsonage housing allowance of $13,000, thereby reducing their gross profits from pastoral activities to $535 in 2005 and $530 in 2006. Petitioners state in their petition that "Paul's Chapel is

a small church with limited resources and revenue" and, therefore, during the years at issue Mr. Holmes' primary compensation was a $250 weekly housing allowance (i.e., $13,000 per year).  The claimed Schedule C expenses related to pastoral activities were as follows:

|  | Tax Year | |
| Expenses | 2005 | 2006 |
| --- | --- | --- |
| Advertising | $135 | $85 |
| Car and truck expenses | 4,961 | 4,542 |
| Commissions and fees | 30 | 30 |
| Depreciation | 0 | 0 |
| Interest:  Other | -- | 1,500 |
| Legal and professional services | 75 | 75 |
| Office expense | 59 | 287 |
| Supplies | 135 | 105 |
| Taxes and licenses | 65 | 26 |
| Travel expenses | 748 | 526 |
| Deductible meals and entertainment | 216 | 68 |
| Utilities | 2,409 | 3,095 |
| Other expenses | 3,976 | 160 |
| Total | 12,809 | 10,499 |

### PC Unlimited

During 2005 and 2006 Mr. Holmes reported gross sales or receipts from PC Unlimited of $1,856 and $13,812, respectively. For PC Unlimited petitioners claimed Schedule C expenses as follows:

|  | Tax Year | |
| Expenses | 2005 | 2006 |
| --- | --- | --- |
| Advertising | $78 | -- |
| Car and truck expenses | 2,211 | $4,295 |
| Depreciation | 376 | 0 |
| Insurance | 1,140 | -- |
| Interest: other | 765 | 3,896 |
| Legal and professional services | 38 | 360 |
| Office expense | 465 | 355 |

| | | |
|---|---:|---:|
| Taxes and licenses | 0 | 240 |
| Travel expenses | 376 | 656 |
| Deductible meals and entertainment | 106 | 171 |
| Utilities | 2,791 | 2,020 |
| Other expenses | 1,355 | 275 |
| Total | 9,701 | 12,268 |

In addition to the above Schedule C expenses, on their 2006 Schedule C for PC Unlimited petitioners claimed a $7,347 expense for the business use of their home.  The Forms 8829, Expenses for Business Use of Your Home, indicate that petitioners claimed 147.24 percent of their home was used for business purposes, 47.24 percent for business related to Mr. Holmes's pastoral activities and 100 percent for business related to PC Unlimited. Mr. Holmes explained this inconsistency at trial as simply a software defect (i.e., that TurboTax should not have allowed him to claim more than 100 percent of the use of petitioners' home as a business expense) and that "Undoubtedly that is incorrect."

In the notice of deficiency, which pertains to both 2005 and 2006, respondent denied deductions for all of the job expenses and certain miscellaneous deductions claimed on Schedule A. Because the denial of the job expenses and certain miscellaneous deductions reduced petitioners' itemized deductions to an amount that was less than the standard deduction, respondent also eliminated all other Schedule A expenses for each of the years at issue and substituted the standard deduction.  Respondent also disallowed the $13,000 annual housing allowance as well as all of

the claimed Schedule C expenses for both the pastoral activities and PC Unlimited.[2]

## Discussion

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving error in the Commissioner's determinations. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift to the Commissioner in certain circumstances if the taxpayer introduces credible evidence and establishes that he substantiated items, maintained required records, and fully cooperated with the Commissioner's reasonable requests. Sec. 7491(a)(1) and (2)(A) and (B). Petitioners have neither asserted that the burden of proof has shifted to respondent nor provided adequate substantiation of the expenses claimed on their 2005 and 2006 Federal income tax returns; therefore, the burden of proof remains with petitioners.

Disallowed Deductions

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving he is entitled to the deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292

---

[2]Respondent also made adjustments to self-employment adjusted gross income and self-employment tax. Although neither party has contested these adjustments, they are computational and will need to be addressed in the Rule 155 computations.

U.S. 435, 440 (1934). A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish that he is entitled to the deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) allows a taxpayer to deduct all the ordinary and necessary expenses paid or incurred in carrying on a trade or business. Personal expenses, however, generally are not deductible. Sec. 262(a). Furthermore, in the case of expenses for automobiles, traveling (including meals and lodging while away from home), and entertainment, section 274(d) disallows any deductions unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) The amount of the expense; (2) the time and place of the expense; and (3) the business purpose of the expense. See Oswandel v. Commissioner, T.C. Memo. 2007-183. Section 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985), provides:

> (5) Loss of records due to circumstances beyond control of the taxpayer. Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures or use.

"Under these regulations, therefore, a taxpayer may be deemed to meet the requirements of section 274(d) if he or she establishes

the occurrence of a casualty causing the loss of records and has adequately reconstructed the expenditures." Oswandel v. Commissioner, supra (citing section 1.274-5T(c)(5), Temporary Income Tax Regs., supra).

At trial Mr. Holmes testified that he lacked the records necessary to substantiate the deductions claimed on petitioners' 2005 and 2006 Federal income tax returns. Mr. Holmes testified that during 2007 petitioners moved from Illinois to Ohio and in the process his wife and daughter cleaned out his office discarding many, if not all, of his business records, including his mileage books for 2005 and 2006. In an effort to substantiate his automobile and travel expenses for the years at issue, Mr. Holmes testified that 3 days before trial he reconstructed from memory a mileage log for both his pastoral activities and his computer servicing business.

We find that petitioners have failed to substantiate any of the disallowed deductions. They have certainly not met the heightened substantiation requirements for automobile and travel expenses under section 274(d) nor established that their business records were lost through circumstances beyond their control. We, therefore, sustain respondent's corresponding determinations.

Housing Allowance

During the years at issue Mr. Holmes received a parsonage allowance of $250 per week, or $13,000 per year. In the notice

of deficiency respondent disallowed the $13,000 parsonage allowance, thereby increasing petitioners' gross income by the same amount. Respondent concedes that if petitioners used the $13,000 housing allowance to provide a home, then the $13,000 allowance should be excludable from their gross income.

Compensation for services is generally included in gross income. Sec. 61(a)(1). Section 107, however, provides the following exception:

> SEC. 107. RENTAL VALUE OF PARSONAGES.
>
> In the case of a minister of the gospel, gross income does not include--
>
> (1) the rental value of a home furnished to him as part of his compensation; or
>
> (2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home and to the extent such allowance does not exceed the fair rental value of the home, including furnishings and appurtenances such as a garage, plus the cost of utilities.

Respondent has acknowledged that petitioners provided documentation from Paul's Chapel establishing that Mr. Holmes received $13,000 annually as a housing allowance. At trial Mr. Holmes credibly testified that he did not receive any compensation from Paul's Chapel beyond the $13,000 annual housing allowance. Mr. Holmes also credibly testified that the housing allowance provided by Paul's Chapel was insufficient to cover his mortgage expenses and utilities. In this respect, Mr. Holmes

testified that his mortgage payment alone was approximately $1,000 per month before refinancing. Consequently, we find that the $13,000 per year parsonage allowance petitioners received was used to provide a home as defined in section 107(2). See sec. 1.107-1(c), Income Tax Regs. Accordingly, the $13,000 annual housing allowance Paul's Chapel paid to Mr. Holmes during the years at issue is not includable in petitioners' gross income.

To reflect the foregoing,

Decision will be entered under Rule 155.